UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS SHEPHERD, ALAN G. AND
DELORES N. BARTEL, L.P. and
1400 HAMPTON BLVD., LLC,

                Plaintiffs

vs.                                                      Case No.: **2:10cv343**

NATIONWIDE MUTUAL INSURANCE
COMPANY and 1400 HAMPTON
BOULEVARD CONDOMINIUM
ASSOCIATION, INC.,

                Defendants

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO REMAND TO STATE COURT

COMES NOW the defendant 1400 Hampton Boulevard Condominium Association, Inc. ("Association"), by counsel, under authority of 28 U.S.C. § 1447(c) and files this Brief in Support of Motion to Remand to State Court in opposition to the Notice of Removal filed by co-defendant Nationwide Mutual Insurance Company ("Nationwide"). In support of this Motion, the Association states as follows:

    **I.**    **Co-Defendant Nationwide's *Notice of Removal* is fatally defective.**

    **A. The *Notice of Removal* is fatally defective as there is not complete diversity of citizenship to vest this Court with subject-matter jurisdiction under 28 U.S.C. § 1332.**

The first issue for considering the defects of the *Notice of Removal* is whether this Court has subject matter jurisdiction over the matter. Under the long-standing laws of the United States, subject matter jurisdiction may only be conferred on the federal courts under 28 U.S.C. § 1332 when there is complete diversity of citizenship between plaintiffs and defendants.

Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  The Fourth Circuit Court of Appeals has noted that this "complete diversity" rule, when coupled with other rules, makes it difficult for a defendant to remove a case if a non-diverse defendant has been party to the suit prior to removal. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  **Before** a case can be properly removed to federal court, a defendant must comply with all the statutory requirements governing a defendant's ability to consummate removal. Mayes, 198 F.3d at 461. (emphasis added).  The Fourth Circuit has never approved any sort of realignment of parties in an effort to create federal subject matter jurisdiction, requiring under the Mayes holding that the statutory requirements for jurisdiction must be established before an action may properly be removed to federal court.

The co-defendant Nationwide cites the case of United States Fidelity & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995), in support of its argument that the case is properly removable to the federal court, after realignment of the parties creates subject matter jurisdiction predicated on diversity of citizenship. *Notice*, at ¶ 4.  The USF&G case supports the opposite result.  The Fourth Circuit affirmed the District Court's realignment of the parties to defeat diversity of citizenship, divesting the Court of subject matter jurisdiction over the controversy and compelling remand to state court. USF&G, 48 F.3d, at 132.  The USF&G Court reasoned that alignment was proper since, "[t]his result comports with the mandate that courts carefully confine their diversity jurisdiction to the precise limits that the jurisdictional statute, pursuant to Article III, has defined." USF&G, 48 F.3d, at 133.  Thus, in accord with the Mayes case, the USF&G case supports realignment of the parties to **defeat** diversity of citizenship, where subject matter jurisdiction is not properly predicated on 28 U.S.C. § 1332.

One such statutory mandate is that the party seeking removal must show that there is "complete diversity" of citizenship among all parties in order to establish diversity jurisdiction.

See 28 U.S.C. § 1332(a); Strawbridge. Complete diversity of citizenship occurs, "when no party shares common citizenship with any party on the other side." Mayes, 198 F.3d at 461.

The state court *Complaint* demonstrates that there is not complete diversity of citizenship between parties plaintiff and parties defendant. Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159, 714 F.2d 342 (4th Cir. 1983). The four corners of the *Complaint* defeat diversity subject matter jurisdiction under 28 U.S.C. § 1332 and renders the action not properly removable to the federal courts.

**B. The *Notice of Removal* is fatally defective as there is no basis for supplemental jurisdiction under 28 U.S.C. § 1367.**

This Court has the option to exercise subject matter jurisdiction over, "any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). It is uncontested that there is no federal question conveying subject matter jurisdiction under authority of 28 U.S.C. § 1331. It is plain from the face of the *Complaint* that complete diversity of citizenship is lacking, and that there is no subject matter jurisdiction conveyed under authority of 28 U.S.C. § 1332. It is not possible for the Court to have supplemental jurisdiction over the matter, when the Court does not have original jurisdiction over the matter.

**C. The *Notice of Removal* is fatally defective as <u>all</u> defendants do not agree to the removal under 28 U.S.C. § 1441(a).**

The third issue for considering the defects of the *Notice of Removal* is whether all other statutory requirements have been satisfied. The long standing law regarding federal removal jurisdiction under 28 U.S.C. § 1332(b) requires <u>all</u> defendants to consent to the removal to

3

federal court. Gableman v. Peoria, Decatur & Evansville Railway Co., 179 U.S. 335 (1900); Perpetual Building & Loan Ass'n v. Series Directors of Equitable Building & Loan Ass'n, Series No. 52, 217 F.2d 1 (4th Cir. 1954); Adams v. Aero Services International, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987); Folts v. City of Richmond, 480 F. Supp. 621, 624-25 (E.D. Va. 1979). A failure of all defendants to consent to removal is considered a defect in the removal process. Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900) (concluding that "all the defendants must join in the application" for removal); Palisades Collections LLC v. Shorts, 552 F.3d 327, 332 (4th Cir. 2008); Payne ex rel. Estate of Calzada, 439 F.3d 198, 203 (4th Cir. 2006) ("Failure of all defendants to join in the removal petition . . . is . . . an error in the removal process.").

Consent of all defendants to removal to federal court is especially important in cases of where subject matter jurisdiction is conveyed solely by diversity of citizenship. There are no federal questions presented and all the issues in the state case will turn on issues of state law. The concerns of state sovereignty, principles of federalism, and inter-sovereign comity are implicated in this matter. There is no reason that the federal court should hear this matter, other than co-defendant Nationwide's desire to engage in forum shopping.

Even if Nationwide's request for party realignment (Doc #6) and procedural fencing in seeking consolidation (Doc. #8) were to be in the contemplation of this Court, the defendant Association still would still not consent to removal. The defendant Association does not agree with Nationwide's decision to remove the matter to this Court and believes that the matter would be more appropriately handled in its original Court – the Circuit Court for the City of Norfolk. Thus, the *Notice of Removal* is fatally defective – for even if Nationwide were to be granted all

the relief it has requested – the case is still not properly removable under 28 U.S.C. § 1441(a) for lack of the consent of all defendants in the matter.

The Association does not agree to removal of the case to federal court on the grounds that the underlying breach of warranty action is set for trial in January 2011 in the Circuit Court for the City of Norfolk. See CL08-6114. From the standpoint of judicial economy, a resolution of the Declaratory Judgment action may well impact the necessity for, and scheduling of the trial of the underlying breach of warranty action. If there is a determination in the Declaratory Judgment action that Nationwide owes coverage to the defendants in the underlying breach of warranty action, a pre-trial settlement conference would likely prove more productive. In the only settlement conference which has taken place to date, there was a breakdown in meaningful negotiations largely because the question of insurance coverage for the underlying claim was unresolved. Thus, having both the Declaratory Judgment action and the underlying breach of warranty litigation in the same Court, i.e. the Norfolk Circuit Court, would allow that Court to regulate the sequencing of the resolution of those two cases to maximize the potential benefits to all the litigants and serve as well the interests of judicial economy. Even if a resolution in the Declaratory Judgment action would be in favor of Nationwide, the named defendants would likely reevaluate the position they would take in a settlement conference for the underlying breach of warranty action. Thus, the local court can control its docket with respect to sequencing the removed Declaratory Judgment action and the underlying breach of warranty action more effectively than can two separate courts.

### D. The *Notice of Removal* is fatally defective under 28 U.S.C. § 1441(b) as one of the defendants is a citizen of the State in which such action is brought.

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other*

> *such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). It is the well settled law of the federal courts of the Fourth Circuit that, "Section 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which suit is brought." ITT Industrial Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir. 1987). It is not disputed that defendant Association is, for purposes of diversity subject matter jurisdiction, a citizen of Virginia, being an incorporated entity existing under the laws of the Commonwealth of Virginia. Thus, as a matter of federal law, the action is not removable from state court to federal court.

### E. The Court does not have subject matter jurisdiction in order to grant the requested realignment of the parties, which realignment assumes a facially valid demonstration of complete diversity of citizenship.

Under the long-standing laws of the United States, subject matter jurisdiction may only be conferred on the federal courts under 28 U.S.C. § 1332 when there is complete diversity of citizenship between plaintiffs and defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). The Fourth Circuit Court of Appeals has noted that this "complete diversity" rule, when coupled with other rules, makes it difficult for a defendant to remove a case if a non-diverse defendant has been party to the suit prior to removal. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

### i. Federal Subject Matter Jurisdiction is to be evaluated at the time of filing a *Notice of Removal*.

As a general rule, diversity of citizenship is determined at the commencement of the lawsuit. Colo. Intergovernmental Risk Sharing Agency v. Northfield Ins. Co., 183 Fed. Appx. 771, 773-774 (10th Cir. 2006). In the context of a removal from state court to the federal courts,

subject matter jurisdiction is to be measured by a federal court at the time of the purported removal. Terry v. Jackson, 19 Fed. Appx. 377, 378 (6th Cir. 2001).

### ii. Evaluation of Federal Subject Matter Jurisdiction comes first, before procedural fencing.

An evaluation of subject matter jurisdiction is to be conducted as a preliminary step by the Court, unless this evaluation requires an "arduous inquiry." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422 (2007); Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574 (1999). There is no arduous inquiry under Strawbridge analysis – a simple inspection of the four corners of the state court *Complaint* clearly shows the lack of complete diversity of citizenship between plaintiffs and defendants. Concerns over asserting subject matter jurisdiction under principles of diversity are especially heightened where concerns over state sovereignty, principles of federalism and inter-sovereign comity are operative. Ruhrgas, 526 U.S., at 586-587. There is no dispute that the action is governed wholly by state law and that the only reason for claiming federal subject matter jurisdiction is co-defendant Nationwide's forum shopping.

### iii. Courts must strictly construe federal statute granting subject matter jurisdiction on the basis of diversity of citizenship.

The federal courts are courts of limited jurisdiction, as opposed to state courts which are generally vested with general jurisdiction. See Va. Code § 17.1-513. The policy of the statute conferring diversity jurisdiction upon the district court, either in an initial filing or achieved by removal from a state court, calls for its strict construction. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76-77 (1941); Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (requiring strict construction of removal provisions). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has

defined." Healy v. Ratta, 292 U.S. 263, 270 (1934). In commenting on the rule of complete diversity, the Supreme Court stated in City of Indianapolis, "these requirements, however technical seeming, must be viewed in the perspective of the constitutional limitations upon the judicial power of the federal courts, and of the Judiciary Acts in defining the authority of the federal courts when they sit, in effect, as state courts." Id., 314 U.S., at 76. The Supreme Court has long interpreted statutes conferring diversity jurisdiction with "jealous restriction" and "strict construction," so as not to infringe on state sensitivities regarding the judicial power reserved to the states on matters of state law, and to "relieve the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts,' in order to keep them free for their distinctive federal business." Id. This strict construction of jurisdictional statutes is reinforced by the conclusion reached by the Supreme Court in Ruhrgas, especially in cases such as the instant matter when there is a collision between state courts and the federal courts.

The clear command of the laws of the Untied States as interpreted by Supreme Court case law is that all doubts about subject matter jurisdiction should be resolved in favor of remand to state court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

**II.    The Association seeks its actual costs and attorney's fees expended**

An award of fees and costs are proper where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Where a cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over a case, removal is ill-founded and an award of reasonable attorney fees and costs is appropriate. Husk v. E.I. Du Pont de Nemours & Co., 842 F. Supp. 895, 899 (S.D. W. Va. 1994). An award of costs and attorney's fees is explicitly authorized by statute, "An order remanding the case may require payment of just costs and any

actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## Conclusion

This Court does not have subject matter jurisdiction over this matter under 28 U.S.C. § 1332, or any other provision of federal law. An essential statutory predicate to removal from state court under authority of 28 U.S.C. § 1441 – consent of all state court defendants – is plainly lacking. Even if all defendants were to consent to removal, there is a lack of complete diversity of citizenship under the Strawbridge analysis. Finally, as the Association is a citizen of Virginia, the action is not removable to any federal court located in Virginia which is granted subject matter jurisdiction by diversity of citizenship, by the operation of 28 U.S.C. § 1441(b). The procedural fencing of realignment and consolidation is nothing more than an attempt to manufacture federal subject matter jurisdiction where it plainly does not exist under the laws of the United States, in furtherance of co-defendant Nationwide's desire to engage in forum shopping.

**WHEREFORE**, the defendant 1400 Hampton Boulevard Condominium Association, Inc. prays that this Court immediately find that the defendant Nationwide's *Notice of Removal* was fatally defective, remand the matter to state court and award this defendant its reasonable attorney's fees expended in opposing the *Notice of Removal* and award any other relief which this Court feels is meet and proper.

        /s/ John S. Norris, Jr.
1400 Hampton Boulevard
Condominium Association, Inc.

John S. Norris, Jr., Esquire (VSB #15860)
Robert M. Lorey, Esquire (VSB #48507)
Attorney for 1400 Hampton Boulevard
Condominium Association, Inc.
Norris, St. Clair & Lotkin
2840 S. Lynnhaven Road
Virginia Beach, Virginia 23452
757-498-7700
757-498-7744 (fax)
jnorris@norrisstclair.com
rlorey@norrisstclair.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| **1400 Hampton Blvd, LLC**<br>    *Plaintiff*<br><br> **Alan G. and Delores N. Bartel, LP**<br>    *Plaintiff*<br><br>**Douglas Shepherd**<br>    *Plaintiff* | **Randolph Courtland DuVall, Esquire**<br>**Darlene Paige Bradberry, Esquire**<br>Breeden Salb Beasley & DuVall<br>1210 First Virginia Tower<br>555 Main Street<br>Norfolk, VA 23510-2234<br>(757) 622-1111<br>(757) 622-4049 (fax)<br>duvall@breedenlaw.net<br>dbradberry@breedenlaw.net |
| **Nationwide Mutual Insurance Company**<br>    *Defendant* | **Wayne F. Cyron, Esquire**<br>**James G. Smalley, Esquire**<br>Law Offices of Wayne F. Cyron<br>100 N. Pitt St<br>Suite 200<br>Alexandria, VA 22314<br>(703) 299-0600<br>wcyron@cyronmiller.com<br>jsmalley@cyronmiller.com |

                                                                    /s/ John S. Norris, Jr.____

John S. Norris, Jr., Esquire (VSB #15860)
Robert M. Lorey, Esquire (VSB #48507)
Attorney for 1400 Hampton Boulevard
Condominium Association, Inc.
Norris, St. Clair & Lotkin
2840 S. Lynnhaven Road
Virginia Beach, Virginia 23452
757-498-7700
757-498-7744 (fax)
jnorris@norrisstclair.com
rlorey@norrisstclair.com