IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS SHEPHERD,
ALAN G. and DELORES N. BARTEL, L.P.
and
1400 HAMPTON BLVD., L.L.C.,

Plaintiffs,

vs. CIVIL ACTION NO. 2:10cv343

NATIONWIDE MUTUAL
INSURANCE COMPANY
and
1400 HAMPTON BOULEVARD
CONDOMINIUM ASSOCIATION, INC.,

Defendants.

***MEMORANDUM IN SUPPORT OF MOTION TO REMAND***

Come now Plaintiffs, Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd., L.L.C., pursuant to 28 U.S.C. § 1447 (c), and file this Memorandum in Support of their Motion to Remand on following grounds:

## I. STATEMENT OF FACTS AND OF THE CASE

On October 7, 2008, 1400 Hampton Boulevard Condominium Association, Inc. (the "Association") filed a Complaint in the Circuit Court for the City of Norfolk, Virginia, against 1400 Hampton Blvd., L.L.C., Douglas Shepherd, and Alan G. and Delores N. Bartel, L.P. ("Nationwide insureds"). This is the Underlying Action. In the Complaint in the Underlying Action, the Association asserts six theories of recovery against the Nationwide insureds in connection with the development of a condominium

project located at 1400 Hampton Boulevard in the City of Norfolk, Virginia. Several of the counts arise out of the Virginia Condominium Act. Count I alleges a breach of duties arising under Virginia Code § 55-79.79 within the Act. Count VI alleges that these Defendants violated Virginia Code § 55-79.90(A) through misrepresentations and/or omissions in their Public Offering Statement. A certified copy of the Complaint in the Underlying Action is attached as Exhibit A.

1400 Hampton Boulevard, L.L.C. is the named insured on a contract of insurance issued in Virginia by Nationwide Mutual Insurance Company ("Nationwide"), which also provides coverage to Douglas Shepherd and Alan G. and Delores N. Bartel, L.P., both Virginia citizens. On April 5, 2010, counsel for the Nationwide insureds wrote Nationwide, informing it of their position in favor of coverage and demanding that Nationwide continue to provide a defense in the Underlying Action and pay any resulting award. Having received no reply to this letter, counsel wrote Nationwide a second time on June 2, 2010, and demanded that they attempt to settle the Underlying Action. On June 18, 2010, the Nationwide insureds filed this declaratory judgment action under Virginia Code § 8.01-184 in the Circuit Court for the City of Norfolk, naming Nationwide and the Association as defendants. The Plaintiffs are seeking a declaration that the Nationwide policy provides liability coverage to the Plaintiffs and a duty to defend with regard to the Underlying Action. Both this action and the Underlying Action only involve issues arising under state law.

On July 15, 2010, Defendant Nationwide filed a Notice of Removal in this matter, pursuant to 28 U.S.C. § 1446. Defendant Nationwide claims that this Honorable Court has jurisdiction over this controversy based on diversity of citizenship. Complete

diversity is not present, however, in that Plaintiffs and the Defendant Association are all citizens of Virginia. In order to create diversity, Nationwide filed a Motion to Realign the parties on July 28, 2010. Nationwide also filed its own declaratory judgment action to determine coverage on June 25, 2010. That case is currently pending in this Court as Nationwide Mutual Insurance Company v. 1400 Hampton Blvd., LLC, et al, Civil Action No. 2:10cv310. Nationwide moved to consolidate the two declaratory judgment actions on July 28, 2010, on the grounds that the parties and the issues are identical. These Plaintiffs have moved to dismiss that case (Civil Action No. 2:10cv310), urging the Court to abstain from exercising its discretionary jurisdiction over a declaratory judgment action involving state law. The Plaintiffs have filed a Motion to Remand this case (Civil Action No. 2:10cv343), urging the Court to abstain from exercising its discretionary jurisdiction and remand to state court. Defendant Association filed a Motion to Remand to State Court and brief in support. Dkt. 14 & 15.

## II. ARGUMENT

This Court is under no compulsion to exercise jurisdiction in this case. The Declaratory Judgment Act at 28 U.S.C. § 2201(a) allows the court to decline jurisdiction, and the case law indicates that a district court should abstain from exercising jurisdiction where a related matter is pending in state court. The Fourth Circuit employs a four-factor test to decide whether to hear a declaratory judgment action when a related state court proceeding exists. Virginia possesses a strong interest in having the issues presented in this matter decided in its courts; the state court could resolve the issues more efficiently than the federal court; the presence of overlapping issues of fact or law might create

unnecessary entanglement between the state and federal courts; and this federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping. This Court should therefore abstain from exercising jurisdiction and remand this matter back to the state court.

The Plaintiffs also incorporate by reference and adopt the grounds and arguments made by the Defendant Association in its Motion to Remand to State Court and brief in support.

A. Jurisdiction is Discretionary with the Court

The Declaratory Judgment Act provides that jurisdiction is discretionary, in that a federal court "may" declare the rights of any interested party seeking a declaration. 28 U.S.C. § 2201(a). The U.S. Supreme Court in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) made it clear that district courts are under no compulsion to exercise jurisdiction over declaratory judgment actions, stating:

> Ordinarily it would be uneconomical, as well as vexatious, for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* at 282, quoting *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942).

The Fourth Circuit "has long recognized the discretion afforded to district court in determining whether to render declaratory relief." *New Wellington v. Flagship Resort Development,* 416 F.3d 290, 296-97 (4th Cir. 2005). The normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *New Wellington,* 416 F.3d at 296, citing

*Wilton,* 515 U.S. at 287. In the Fourth Circuit, the pendency of a related or parallel state court action weighs in favor of the district court declining to exercise jurisdiction. *Norfolk Dredging Co. v. Phelps,* 433 F. Supp. 2d 718, 721 (E.D. Va. 2006). The Fourth Circuit employs a four-factor test to decide whether to hear a declaratory judgment action when a related state court proceeding exists. *New Wellington,* 416 F.3d at 290. In making a determination of whether to proceed with a federal declaratory judgment action when a parallel state court action is pending, the court should consider:

> (1) whether the state has a strong interest in having the issues decided in its courts;
> (2) whether the state court could resolve the issues more efficiently than the federal court;
> (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and
> (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping.

*Great American Ins. Co. v. Gross,* 468 F.3d 199, 211 (4th Cir. 2006).

B. Virginia Has a Strong Interest in Having the Issues Decided in its Courts

Under the first prong of the test, Virginia has a strong interest in deciding the declaratory judgment action. First, the Underlying Action involves a claim governed by state law between Virginia citizens concerning a property located in Virginia. This declaratory judgment action filed by the Nationwide insureds involves whether Virginia citizens are insured by an insurance policy governed by the law of Virginia and to be construed under Virginia law. No federal question is involved, and the case only involves the interpretation of state law. The Fourth Circuit has recognized that Virginia has a strong interest in deciding state law issues of contract and insurance. See

*Mitcheson v. Harris,* 955 F.2d 235 (4th Cir. 1992), cited in *American Motorists Ins. Co. v. Commonwealth Medical Co.,* 306 F. Supp. 2d 576, 581 (E.D. Va. 2004):

In addition, the matter presents novel issues of state law. The Underlying Action asserts claims under the Virginia Condominium Act, specifically Virginia Code §§ 55-79.79 and 55-79.90(A). Counsel for the Plaintiffs represents that there is little to no interpretation of these statutes. "There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case." *Mitcheson,* 955 F.2d at 237.

In contrast, where federal jurisdiction is based on diversity and no federal question exists, the federal interest in retaining jurisdiction is the lowest. See *Continental Casualty Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir. 1991)("Where, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir."), overruled on other grounds, *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998), cited with approval in *PBM Nutritionals, LLC v. Ace American Insurance Co.,* 2010 WL 724015 (E.D. Va. 2010). Virginia has a strong interest in deciding this case, whereas this Court has the lowest interest. This Court should remand this case in order to allow the state court to decide issues in which it has a strong interest and is the most authoritative voice.

C. The State Court Could Resolve the Issues More Efficiently Than the Federal Court

The Fourth Circuit has recognized that it is more efficient to resolve all litigation stemming from a single controversy in a single court system. *Mitcheson,* 955 F.2d at 239. Here, the Underlying Action is pending in state court, and is not removable. It is set

for trial in January 2011. This declaratory judgment action was originally filed in state court and was filed before the second declaratory judgment action was filed by Nationwide in federal court. The state court system is the only system with the jurisdictional power to resolve all facets of this controversy, including any overlapping factual development necessary to resolution of the declaratory judgment action and the Underlying Action. See *Mitcheson,* 955 F.2d at 239. The state court system can resolve any timing issues presented by the January 2011 trial date, or coordinate any other issues as they present themselves.

D. The Presence of Overlapping Issues of Fact or Law Might Create Unnecessary Entanglement Between the State and Federal Court

If the Court were to hear this case, this would cause "excessive entanglement" by resolving this dispute in an inefficient fashion. As stated above, the Underlying Action is set for trial in January 2011. According to a recent news article, civil cases in the Eastern District are pending for a median number of 10.2 months from filing to trial. Deborah Elkins, *The VLW Quick 10: Still the "Rocket Docket,"* VIRGINIA LAWYERS WEEKLY, July 19, 2010, at p. 3, attached as Exhibit B. As Nationwide removed this action on July 15, 2010, the trial of this matter will be, on average, in late May, 2011, well after the state court trial in the Underlying Action. The issue of the duty to defend will be moot. If the Association were to win on liability in the Underlying Action, their judgment would remain stagnant until this declaratory judgment matter is resolved. However, if all matters are in the same state court, the state court will be able to coordinate and resolve all facets of the controversy efficiently. See *Mitcheson,* 955 F.2d at 239. In *Mitcheson,* the court stated that if the federal court were to render a declaration that the insurer had

no duty to defend, the ongoing state litigation could be delayed due to time consumed in substitution of counsel. *Id.* at 239. Likewise, a federal declaration that the insurer had no duty to indemnify could be rendered totally unnecessary by a subsequent state verdict for the insured in the underlying state action. *Id.* at 239. The Fourth Circuit held: "While inefficiencies can of course occur within a single court system, the prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof." *Id.* The arguments in *Mitcheson* apply equally to the present case, and this second factor operates in favor of dismissal of this action and remanding all issues back to state court. Gratuitous intervention in a state court matter should be avoided. See *Wilton,* 515 U.S., at 282.

E. <u>The Federal Action is Mere Procedural Fencing in the Sense that the Action is Merely the Product of Forum Shopping</u>

This last factor looks to whether "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved in a more favorable forum," or whether an action "was filed in an effort to obtain a federal forum in a case not otherwise removable." *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d, 371, 380 (4th Cir. 1994).

Here, the Underlying Action was filed on October 7, 2008. Nationwide has defended its insureds in that case under a Reservation of Rights letter issued on February 6, 2009. Counsel for the Nationwide insureds wrote Nationwide on April 5, 2010 to notify it that he had been retained to represent its insureds with regard to the coverage issues raised in the Reservation of Rights letter in the Underlying Action and to state their position with respect to those issues. When there was no response to this letter,

counsel for the Nationwide insureds again wrote Nationwide, stating that, because there had been no response to the prior letter, he assumed that Nationwide was in full agreement with the conclusions regarding coverage. Counsel for the Nationwide insureds then filed this declaratory judgment action in state court. Procedural fencing is at play, in that Nationwide took no action to determine coverage until after its insureds notified it that they were disputing its coverage position. The state declaratory judgment action was already pending at the time Nationwide filed the declaratory judgment action in federal court. For well over a year, Nationwide made no move to have a court determine the coverage issues; but once its insureds took action, it then not only removed this action from state court, but filed a redundant action in federal court. This is procedural fencing, which operates in favor of remanding the case back to state court.

F. The Plaintiffs Incorporate by Reference and Adopt the Grounds and Arguments Made by the Defendant Association in its Motion to Remand to State Court and Brief in Support of Motion to Remand to State Court

## III. CONCLUSION

This Court should abstain from exercising jurisdiction. The issues in this matter are governed by state law, and there are no federal questions presented. State court is the preferred venue for addressing matters of state law. In addition, the Underlying Action is pending in state court, allowing for a more efficient resolution of both liability and coverage matters. This case should be remanded in order to preserve judicial resources and to prevent unnecessary entanglement with the state courts.

WHEREFORE, Plaintiffs Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd., L.L.C. move the court to abstain from exercising jurisdiction over this declaratory judgment action and to remand this case to state court.

DOUGLAS SHEPHERD, ALAN G.
and DELORES N. BARTEL, L.P.,
and 1400 HAMPTON BLVD., L.L.C.,

By__________/s/__________
Of Counsel

Randolph C. DuVall, Esquire
Virginia State Bar Number 17646
Counsel for Douglas Shepherd, Alan G.
and Delores N. Bartel, L.P., and
1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510-2234
Phone: 757-622-1111
Fax: 757-622-4049
duvall@breedenlaw.net

Darlene P. Bradberry, Esquire
Virginia State Bar Number 34442
Counsel for Douglas Shepherd, Alan G.
and Delores N. Bartel, L.P., and
1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510-2234
Phone: 757-622-6111
Fax: 757-622-4049
dbradberry@breedenlaw.net

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of August, 2010, I will electronically file the foregoing with the Clerk of this Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Wayne F. Cyron, Esquire
James G. Smalley, Esquire
Cyron & Miller, L.L.P.
100 North Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
wcyron@cyronmiller.com
jsmalley@cyronmiller.com
Counsel for Nationwide Mutual Insurance Company

and

John S. Norris, Jr., Esquire
Robert M. Lorey, Esquire
Norris, St. Clair & Lotkin
2840 S. Lynnhaven Road
Virginia Beach, Virginia 23452
jnorris@norrisstclair.com
rlorey@norrisstclair.com
*Counsel for 1400 Hampton Boulevard Condominium Association, Inc.*

/s/
Darlene P. Bradberry, Esquire
Virginia State Bar Number 34442
Counsel for Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510
Phone: (757) 622-1111
Facsimile: (757) 622-4049
dbradberry@breedenlaw.net