UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS SHEPHERD, ALAN G. AND
DELORES N. BARTEL, L.P. and
HAMPTON BLVD., LLC,

            Plaintiffs

vs.                                                  Case No.: **2:10cv343**

NATIONWIDE MUTUAL INSURANCE
COMPANY and 1400 HAMPTON
BOULEVARD CONDOMINIUM
ASSOCIATION, INC.,

            Defendants

### 1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION, INC'S REBUTTAL BRIEF TO NATIONWIDE'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

Defendant 1400 Hampton Boulevard Condominium Association, Inc. ("Association"), by counsel, under authority of 28 U.S.C. § 1447(a) files this Rebuttal Brief in Support of the Motion to Remand.  In support of its Motion to Remand, the Association states as follows:

    I.    **There is not complete diversity of citizenship to vest this Court with subject-matter jurisdiction under 28 U.S.C. § 1332.**

The first defect with Nationwide's *Notice of Removal* is that this Court does not have subject matter jurisdiction.  Subject matter jurisdiction may be conferred on the federal courts **only** under 28 U.S.C. § 1332 when there is complete diversity of citizenship between plaintiffs and defendants.  Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  The Fourth Circuit Court of Appeals has noted that this "complete diversity" rule, when coupled with other rules, makes it difficult for a defendant to remove a case if a non-diverse defendant has been party to the suit

1

prior to removal. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit has never approved any sort of realignment of parties in an effort to create federal subject matter jurisdiction, requiring under the Mayes holding that the statutory requirements for jurisdiction must be established **before** an action may properly be removed to federal court.

One such statutory mandate is that the party seeking removal must show that there is "complete diversity" of citizenship among all parties in order to establish diversity jurisdiction. See 28 U.S.C. § 1332(a); Strawbridge. Complete diversity of citizenship occurs, "when no party shares common citizenship with any party on the other side." Mayes, *supra*, at 461.

All of the cases cited in Nationwide's *Memorandum in Opposition* have one underlying theme – the Court had subject matter jurisdiction and then considered whether to exercise that jurisdiction in the context of a Declaratory Judgment action. The critical difference between all those cases and the instant case is that this Court does not have subject matter jurisdiction over the matter. Therefore, there is no opportunity to consider whether jurisdiction should be exercised over the instant Declaratory Judgment action. The inquiry ends there, with a remand to state court being the only available disposition.

The essence of the Association's argument is that the federal Declaratory Judgment Act does not, standing alone, confer subject matter jurisdiction upon the Court. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Nationwide's *Brief in Opposition* does not address or otherwise challenge that argument. Absent subject matter jurisdiction, all of the cases cited by Nationwide regarding the permissive exercise of the Court's jurisdiction in the context of Declaratory Judgment actions are inapposite. See *Brief in Opposition*, § III(A).

## II.     Nationwide has engaged in both 'forum shopping' and 'procedural fencing' in filing its Complaint for Declaratory Judgment.

Should the Court decide that it has subject matter jurisdiction over this matter, it should nevertheless decline to exercise that jurisdiction under the fourth prong of the test from <u>Nautilus Insurance Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 375 (4th Cir. 1994). Nationwide claims not to have engaged in forum shopping or procedural fencing, yet the *Brief in Opposition* plainly states the uncontested facts that, **1)** this action was initiated by the defendants in the underlying action in the Circuit Court for the City of Norfolk, and **2)** was removed to federal court after Nationwide had filed its own case in federal court (2:10cv310) and **3)** this was done years after the underlying action was filed in the Circuit Court for the City of Norfolk.  The justification for this convoluted procedural posture is that, "It is Nationwide's practice to file such actions in federal court whenever possible." *Brief in Opposition*, at 6.  Had Nationwide actually intended to litigate the matter in federal court it literally had *years* in which to file its action in federal court.

However, it was only after the defendants in the underlying action had filed their *Complaint for Declaratory Judgment* in state court that Nationwide sprang into action and brought two cases before the federal court.  Nationwide's avowed preference and practice to litigate in federal court is the very definition of forum shopping.  Nationwide's procedural machinations -- after years of delay but only days after litigation was incepted in another court system -- to arrive in federal court, is the very definition of procedural fencing.

## Conclusion

This Court does not have subject matter jurisdiction over this matter under 28 U.S.C. § 1332, or any other provision of federal law.  On a challenge of jurisdictional allegations, the

party seeking removal bears the burden of demonstrating that removal jurisdiction is proper. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) *citing* In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006)).  An essential statutory predicate to removal from state court under authority of 28 U.S.C. § 1441 – consent of all state court defendants – is plainly lacking.  Even if all defendants were to consent to removal, there is a lack of complete diversity of citizenship under the Strawbridge analysis.  Finally, as the Association is a citizen of Virginia, the action is not removable to any federal court located in Virginia which is granted subject matter jurisdiction by diversity of citizenship, by the operation of 28 U.S.C. § 1441(b).  The procedural fencing of realignment and consolidation is nothing more than an attempt to manufacture federal subject matter jurisdiction where it plainly does not exist under the laws of the United States, in furtherance of co-defendant Nationwide's desire to engage in forum shopping and procedural fencing.

**WHEREFORE**, the defendant 1400 Hampton Boulevard Condominium Association, Inc. prays that this Court find that Nationwide's *Notice of Removal* was fatally defective, remand the matter to state court and award this defendant its costs and its reasonable attorney's fees expended in opposing the *Notice of Removal* pursuant to 28 U.S.C. 1447(c) and award any other relief which this Court feels is meet and proper.

        /s/ John S. Norris, Jr.
        Hampton Boulevard Condominium
        Association, Inc.

John S. Norris, Jr., Esquire (VSB #15860)
Robert M. Lorey, Esquire (VSB #48507)
Attorney for 1400 Hampton Boulevard
Condominium Association, Inc.

Norris, St. Clair & Lotkin
S. Lynnhaven Road
Virginia Beach, Virginia 23452
757-498-7700
757-498-7744 (fax)
jnorris@norrisstclair.com
rlorey@norrisstclair.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2010, I will electronically file the foregoing *Rebuttal Brief in Support of Motion to Remand* with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the registered counsel of record in this matter. In addition, copies of this *Rebuttal Brief in Support of Motion to Remand* will be e-mailed to the known counsel for the parties named below:

| | |
|---|---|
| **1400 Hampton Blvd, LLC**<br>    *Defendant*<br><br> **Alan G. and Delores N. Bartel, LP**<br>    *defendant*<br><br>**Douglas Shepherd**<br>    *defendant* | **Randolph Courtland DuVall, Esquire**<br>**Darlene Paige Bradberry, Esquire**<br>**Gregory D. Surber, Esquire**<br>Breeden Salb Beasley & DuVall<br>1210 First Virginia Tower<br>555 Main Street<br>Norfolk, VA 23510-2234<br>(757) 622-1111<br>(757) 622-4049 (fax)<br>duvall@breedenlaw.net<br>dbradberry@breedenlaw.net<br>gsurber@breedenlaw.net |
| **Nationwide Mutual Insurance Company**<br>    *defendant* | **Wayne F. Cyron, Esquire**<br>**James G. Smalley, Esquire**<br>Law Offices of Wayne F. Cyron<br>100 N. Pitt St<br>Suite 200<br>Alexandria, VA 22314<br>(703) 299-0600<br>wcyron@cyronmiller.com<br>jsmalley@cyronmiller.com |

/s/ John S. Norris, Jr.
Hampton Boulevard Condominium
Association, Inc.

John S. Norris, Jr., Esquire (VSB #15860)
Robert M. Lorey, Esquire (VSB #48507)
Attorney for 1400 Hampton Boulevard
Condominium Association, Inc.
Norris, St. Clair & Lotkin
S. Lynnhaven Road
Virginia Beach, Virginia 23452
757-498-7700
757-498-7744 (fax)
jnorris@norrisstclair.com
rlorey@norrisstclair.com