IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS SHEPHERD,
ALAN G. and DELORES N. BARTEL, L.P.
and
1400 HAMPTON BLVD., L.L.C.,

    Plaintiffs,

vs.                                    CIVIL ACTION NO. 2:10cv343

NATIONWIDE MUTUAL
  INSURANCE COMPANY
and
1400 HAMPTON BOULEVARD
  CONDOMINIUM ASSOCIATION, INC.,

    Defendants.

## PLAINTIFFS' REBUTTAL MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Come now Plaintiffs, Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd., L.L.C., pursuant to 28 U.S.C. § 1447(c), and respectfully submit this Rebuttal Memorandum in Support of their Motion to Remand.

In its brief in opposition, Nationwide fails to address many of the points of law raised by the Plaintiffs and fails to provide support through applicable case law. The Plaintiffs' Motion should be granted, and this case should be remanded to state court.

I.    **STATEMENT OF THE CASE**

On October 7, 2008, 1400 Hampton Boulevard Condominium Association, Inc. (the "Association") filed a Complaint in the Circuit Court for the City of Norfolk,

Virginia, against 1400 Hampton Blvd., L.L.C., Douglas Shepherd, and Alan G. and Delores N. Bartel, L.P. ("Nationwide insureds"). This is the "Underlying Action." On June 18, 2010, the Nationwide insureds filed this declaratory judgment action under Virginia Code § 8.01-184 in the Circuit Court for the City of Norfolk, naming Nationwide and the Association as defendants. The Plaintiffs are seeking a declaration that the Nationwide policy provides liability coverage to the Plaintiffs and a duty to defend with regard to the Underlying Action. Both this action and the Underlying Action only involve issues arising under state law.

On July 15, 2010, Defendant Nationwide filed a Notice of Removal in this matter, pursuant to 28 U.S.C. § 1446. Defendant Nationwide claims that this Honorable Court has jurisdiction over this controversy based on diversity of citizenship. Complete diversity is not present, however, in that Plaintiffs and the Defendant Association are all citizens of Virginia. In order to create diversity, Nationwide filed a Motion to Realign the parties on July 28, 2010. Nationwide also filed its own declaratory judgment action to determine coverage on June 25, 2010. That case is currently pending in this Court as Nationwide Mutual Insurance Company v. 1400 Hampton Blvd., L.L.C., et al, Civil Action No. 2:10cv310. Nationwide moved to consolidate the two declaratory judgment actions on July 28, 2010, on the grounds that the parties and the issues are identical. These Plaintiffs have moved to dismiss that case (Civil Action No. 2:10cv310), urging the Court to abstain from exercising its discretionary jurisdiction over a declaratory judgment action involving state law. The Plaintiffs have filed a Motion to Remand this case (Civil Action No. 2:10cv343), urging the Court to abstain from exercising its discretionary jurisdiction and remand to state court. Defendant Association filed a

Motion to Remand to State Court and brief in support. Defendant Nationwide subsequently filed its Brief in Opposition to Plaintiffs' Motion to Remand, and Plaintiffs now file their Rebuttal Memorandum in Support of Motion to Remand.

## II. ARGUMENT

This Court is under no compulsion to exercise jurisdiction in this case. The Declaratory Judgment Act at 28 U.S.C. § 2201(a) allows the court to decline jurisdiction, and the case law indicates that a district court should abstain from exercising jurisdiction where a related matter is pending in state court. The Fourth Circuit employs a four-factor test to decide whether to hear a declaratory judgment action when a related state court proceeding exists. Virginia possesses a strong interest in having the issues presented in this matter decided in its courts; the state court could resolve the issues more efficiently than the federal court; the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and this federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping. This Court should, therefore, abstain from exercising jurisdiction and remand this matter back to the state court.

The Plaintiffs also incorporate by reference and adopt the grounds and arguments made by the Defendant Association in its Rebuttal Brief to Nationwide's Memorandum in Opposition to Motion to Remand.

A. <u>Jurisdiction is Discretionary with the Court</u>

The Declaratory Judgment Act states that a federal court's jurisdiction is discretionary and that the court "may" declare the rights of any interested party seeking a declaration. 28 U.S.C. § 2201(a). District courts are under no compulsion to exercise jurisdiction over declaratory judgment actions. *Wilton v. Seven Falls Co.*, 415 U.S. 277 (1995). Defendant states that a district court may not refuse to entertain a declaratory judgment action out of "whim or personal disinclination," but may only do so for "good reason." Remanding this action could not be considered a "whim or personal disinclination" as Virginia has a strong interest in having the issues decided in its courts, the state court could resolve the issues more efficiently, the presence of overlapping issues of fact or law may create unnecessary entanglement, and the federal action is merely the product of forum shopping. These four factors are reviewed when making a determination of whether to proceed with a federal declaratory judgment action when a parallel state court action is pending. See *Great American Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006). These factors constitute a "good reason" for the refusal to entertain this declaratory judgment action and require that this action be remanded.

B. <u>Virginia Has a Strong Interest in Having the Issues Decided in its Courts</u>

Defendant claims that there is no interest in the state court in addressing the issue of coverage under the insurance policy. This assertion is incorrect, as this declaratory judgment action filed by the Nationwide insureds involves whether Virginia citizens are insured by an insurance policy governed by the law of Virginia and to be construed under Virginia law. The Underlying Action also involves a claim governed by Virginia law

between Virginia citizens concerning property located in Virginia. In addition to the numerous ties to Virginia, Virginia has a strong interest in deciding state law issues of contract and insurance. See *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992), cited in *American Motorists Ins. Co. v. Commonwealth Medical Co.*, 306 F. Supp. 2d 576, 581 (E.D. Va. 2004).

Defendant also claims that the present state law issues are unlikely to "break any new ground." Despite Defendant's claims, this matter does present a novel issue of state law, one which the Plaintiffs raised in their Memorandum in Support and the Defendant failed to address in its Brief in Opposition. The Underlying Action asserts claims under the Virginia Condominium Act, specifically Virginia Code §§ 55-79.79 and 55-79.90(A). There is currently little to no interpretation of these statutes. "There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case." *Mitcheson*, 955 F.2d at 237. This Court should remand this case in order to allow the state court to decide issues in which it has a strong interest and is the most authoritative voice.

C. The State Court Could Resolve the Issues More Efficiently Than the Federal Court

The Federal Court is not able to efficiently handle this matter because it is not able to resolve all litigation stemming from this controversy. The Underlying Action is pending in state court, and is not removable. The Fourth Circuit has recognized that it is more efficient to resolve all litigation stemming from a single controversy in a single court system. *Mitcheson*, 955 F.2d at 239.

5

Defendant alleges that "it would seem that this Court could efficiently resolve this dispute" in advance of the Underlying Action's trial. The Underlying Action is pending in state court and scheduled for trial in January, 2011. There is not, however, a trial date set in this Court. Defendant also speculates as to the outcome of a future Motion for Summary Judgment as support for its claim that the state court cannot resolve the issues more efficiently. Defendant's uncertain predictions regarding this Court's ability to efficiently handle this matter and speculative expectations regarding summary judgment constitute a "good reason" for the refusal of this Court to entertain this declaratory judgment action. The Fourth Circuit recognizes the importance and efficiency in resolving all litigation stemming from a single controversy in a single court system. The state court system is the only system with the jurisdictional power to resolve all portions of this controversy. See *Mitcheson*, 955 F.2d at 239. Defendant cites no authority and offers only speculation and uncertain predictions for support of its belief that these issues cannot be handled more efficiently in state court.

D. The Presence of Overlapping Issues of Fact or Law Might Create Unnecessary Entanglement Between the State and Federal Court

This Court will not be permitted to address all portions of this controversy as the Underlying Action is not removable. The Underlying Action is set for trial in January, 2011, and there is no trial date set for the matter pending in federal court. As Nationwide removed this action on July 15, 2010, the trial of this matter will be, on average, in late May, 2011, well after the state court trial in the Underlying Action. The issue of the duty to defend will be moot. If the Defendant Association were to win on liability in the Underlying Action, their judgment would remain stagnant until this declaratory judgment

6

is resolved. However, if all matters are in the same state court, the state court will be able to coordinate and resolve all portions of this controversy efficiently. See *Mitcheson*, 955 F.2d at 239. In *Mitcheson*, the court stated that if the federal court were to render a declaration that the insurer had no duty to defend, the ongoing state litigation could be delayed due to time consumed in substitution of counsel. *Id.* at 239. Similarly, a federal declaration that the insurer had no duty to indemnify could be rendered totally unnecessary by a subsequent state verdict for the insured in the underlying state action. *Id.* at 239. The failure to remand all issues back to the state court creates a likelihood of unnecessary entanglement between the state and federal court.

E. The Federal Action is Mere Procedural Fencing in the Sense that the Action is Merely the Product of Forum Shopping

When considering whether or not to proceed with a federal declaratory judgment action when a parallel state court action is pending, the last factor the court will consider is whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping. *Great American Ins. Co.*, 468 F.3d at 211. Defendant claims that it was not engaged in procedural fencing because it regularly files declaratory judgment actions when issues arise concerning coverage and it determined to file in federal court long before it learned of any hint of an action in state court. Defendant also references an affidavit that it claims outlines Defendant's process taken in this matter. This affidavit, however, was not attached, and any information contained in this affidavit is not before the Court.

Counsel for the Nationwide insureds wrote Nationwide on April 5, 2010 to notify it that he had been retained to represent its insureds with regard to coverage issues raised

in the reservation of rights letter in the Underlying Action and to state their position with respect to those issues. Defendant claims that Nationwide began the process of preparing to file a declaratory judgment action in April of 2010, but fails to allege that this process began before the receipt of the April 5, 2010 correspondence. It does not appear that Defendant's process of preparing and filing a declaratory action occurred "long before" it learned of any hint of an action in state court.

It is clear that the Defendant attempted to obtain a federal forum in a case not otherwise removable; and despite Defendant's alleged intentions, the Defendant is attempting to have certain issues that are already pending before the state court resolved in a more favorable forum. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d, 371, 380 (4th Cir. 1994).

    F.    <u>The Plaintiffs incorporate by reference and adopt the grounds and arguments made by the Defendant Association it its Rebuttal Brief to Nationwide's Memorandum in Opposition to Motion to Remand</u>

## III. CONCLUSION

This Court should abstain from exercising jurisdiction. The issues in this matter are governed by state law, and there are no federal questions presented. State court is the preferred venue for addressing matters of state law. In addition, the Underlying Action is pending in state court, allowing for a more efficient resolution of both liability and coverage matters. This case should be remanded in order to preserve judicial resources and to prevent unnecessary entanglement with the state courts.

WHEREFORE, Plaintiffs, Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd., L.L.C. move the Court to abstain from exercising jurisdiction over this declaratory judgment action and to remand this case to state court.

DOUGLAS SHEPHERD, ALAN G.
and DELORES N. BARTEL, L.P.,
and 1400 HAMPTON BLVD., L.L.C.


By_____/s/_____
                Of Counsel



Randolph C. DuVall, Esquire
Virginia State Bar Number 17646
Counsel for Douglas Shepherd, Alan G.
  and Delores N. Bartel, L.P., and
  1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510-2234
Phone: 757-622-1111
Fax:    757-622-4049
duvall@breedenlaw.net

Gregory D. Surber, Esquire
Virginia State Bar Number 72282
Counsel for Douglas Shepherd, Alan G.
  and Delores N. Bartel, L.P., and
  1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510-2234
Phone: 757-622-6111
Fax:    757-622-4049
gsurber@breedenlaw.net

## **CERTIFICATE OF SERVICE**

I certify that on the 13th day of September, 2010, I will electronically file the foregoing with the Clerk of this Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Wayne F. Cyron, Esquire
James G. Smalley, Esquire
Cyron & Miller, L.L.P.
100 North Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
wcyron@cyronmiller.com
jsmalley@cyronmiller.com
Counsel for Nationwide Mutual Insurance Company

and

John S. Norris, Jr., Esquire
Robert M. Lorey, Esquire
Norris, St. Clair & Lotkin
2840 S. Lynnhaven Road
Virginia Beach, Virginia 23452
jnorris@norrisstclair.com
rlorey@norrisstclair.com
*Counsel for 1400 Hampton Boulevard Condominium Association, Inc.*

/s/
───────────────────────
Gregory D. Surber, Esquire
Virginia State Bar Number 72282
Counsel for Douglas Shepherd, Alan G.
and Delores N. Bartel, L.P., and
1400 Hampton Blvd., L.L.C.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street, Suite 1210
Norfolk, Virginia 23510
Phone: (757) 622-1111
Facsimile: (757) 622-4049
gsurber@breedenlaw.net