UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

| | |
|---|---|
| DOUGLAS SHEPHERD, ALAN G. and DELORES N. BARTEL, L.P., and 1400 HAMPTON BLVD., LLC, | : : : : |
| Plaintiffs | : : |
| v. | :    Case Number 2:10cv343 |
| NATIONWIDE MUTUAL INSURANCE COMPANY and 1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION, INC. | : : : : : : |
| Defendant | : |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE
COMPANY'S BRIEF IN OPPOSITION TO
1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION'S
MOTION TO REMAND**

Defendant, Nationwide Mutual Insurance Company ("Nationwide"), by counsel, states this its Memorandum in Opposition to 1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION'S Motion to Remand, as follows:

**I. INTRODUCTION**

This is an action for declaratory judgment brought originally in the Circuit Court of the City of Norfolk, Virginia to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between the Plaintiffs and the Defendants. Defendant Nationwide removed this action to this Court based upon the diversity of citizenship of the parties, and filed its Motion to Consolidate this case with Nationwide's own pending Complaint for Declaratory Judgment, and its Motion to Realign the Parties.

1

## II. STATEMENT OF FACTS AND THE CASE

### A. The Underlying Claim.

1400 Hampton Boulevard Condominium Association, Inc. is a Corporation organized and existing under the laws of the Commonwealth of Virginia ("the Association"). The Association is the unit owners' association of the 1400 Hampton Boulevard Condominium, located in Norfolk, VA. The condominium is a "conversion condominium" created by the conversion of an existing apartment building to condominium. On or about October 7, 2008 the Association filed a Complaint in the Circuit Court for the City of Norfolk against 1400 Hampton Blvd., LLC., Douglas Shepherd ("Shepherd") and Alan G. and Delores N. Bartel, LP ("Bartel"). The Complaint states six separate counts seeking relief: Count I - Breach of Statutory Warranty, Count II - Breach of Express Warranty, Count III - Breach of Implied Warranty, Count IV - Negligence, Count V - Constructive Fraud, and Count VI - Misrepresentations/Omissions in the Public Offering Statement. Nationwide is not a party to this action in the Circuit Court.

### B. The Insurance Policy.

Plaintiff Nationwide is an insurer. 1400 Hampton Blvd, LLC is the named insured on a contract of insurance issued by Nationwide, Policy Number 53 BP 147-036-3001 (the "Insurance Policy"). The Insurance Policy is a Business Provider Liability Coverage policy, generally providing coverage for business liability for bodily injury, property damage and personal injury. The Insurance Contract contains an endorsement for Directors and Officers Errors or Omissions Liability, commonly known as "D & O" coverage, naming Shepherd and Bartel as insureds.

2

**C.  The State Court Declaratory Judgment Action**.

Shepherd, Bartel, and 1400 Hampton Blvd, LLC have filed a Complaint in the Circuit Court for the City of Norfolk, styled *Douglas Shepherd, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd, LLC v. Nationwide Mutual Insurance Company, et al*, Case Number 10-4212.  The purpose of this litigation is to seek a declaratory judgment that coverage is afforded to 1400 Hampton Blvd, LLC, Shepherd and Bartel under the Insurance Policy for the claims of the Association.  On July 15, 2010, Nationwide filed a Notice of Removal removing this case to the District Court for the Eastern District of Virginia, Norfolk Division, Case No. 2:10cv343.

**D.  The Nationwide Declaratory Judgment Case.**

Nationwide has also filed a Complaint in this Court seeking a declaratory judgment that coverage is not afforded to 1400 Hampton Blvd, LLC, Shepherd and Bartel for the claims of the Association, Case Number 2:10cv310.  The parties to this case, and the Complaint brought by 1400 Hampton Blvd, LLC, Shepherd and Bartel in the Circuit Court for the City of Norfolk (removed to this Court), are the same.

**E.  Citizenship of the Parties.**

Douglas Shephard, Alan G. and Delores N. Bartel, L.P., and 1400 Hampton Blvd, LLC are all citizens of the Commonwealth of Virginia.  Nationwide is an insurer, a corporation, organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio.  The Association is a Virginia Corporation doing business in the Commonwealth of Virginia.

### III.  ARGUMENT

   A.  **This Case is Properly Before the Court as the Propriety of the Removal of a Case is Determined only after the Court has Realigned the Parties According to Their Actual Interest in the Suit.**

Jurisdiction on the ground of diversity of citizenship cannot be conferred on the federal courts by the parties' own determination of who are plaintiffs and who are defendants.  It is the duty of the Court to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15 (1941).  The Court is not bound by the technical form of the state proceeding.  The District Court must determine the propriety of removal of a case only after it has realigned the parties according to their actual interest in the suit.  *Glenmede Trust Company v. Dow Chemical Company,* 384 F. Supp 423, 427 (D.C.Pa. 1974*)*.  Where removal jurisdiction of the federal court is invoked on the basis of diversity, the characterization of a party as a defendant or a plaintiff in the state action is not determinative.  The court is obligated to examine the substantive interests of the parties and align them in a manner which is consistent with their actual interests.  *First National Bank of Chicago v. Mottola*, 302 F. Supp. 785, 789 (D.C.Ill. 1969)

The Fourth Circuit follows the "principal purpose" test in determining whether to realign parties for purposes of diversity.  In a declaratory judgment case, the Fourth Circuit in *United States Fidelity & Guaranty Co. v. A & S Manufacturing Co.*, 48 F.3d 131 (4th Cir. 1995) set forth the principal purpose test, stating that the test involved two steps. First, the Court must determine the primary issue in the controversy.  Second, the Court should align the parties according to their positions with respect to the primary issue.  *48 F. 3d* at 133.

In the case at bar, the primary issue in the controversy is clear: Is coverage provided under the insurance policy issued by Nationwide for the claims made by the Association in the pending Norfolk Circuit Court case? As to alignment of the parties as to this issue, there are five parties to the dispute. Nationwide is aligned as a party opposed to a finding in favor of coverage under the parties. How do the other parties align? Clearly, 1400 Hampton Blvd., LLC., Shepherd, and Bartel align in favor of coverage, as they filed a declaratory judgment action seeking such a determination, and they are on the opposite side of the dispute from Nationwide. Finally, considering the position of the Association, although the Association is opposed to 1400 Hampton Blvd., LLC., Shepherd, and Bartel in the underlying condominium dispute, concerning the principal issue in the declaratory judgment actions the Association's interests are exactly aligned. The Association, without question, seeks the same result in the declaratory judgment action as do 1400 Hampton Blvd., LLC., Shepherd, and Bartel: that there is coverage under the Insurance Policy. Aside from general considerations of the desirability of an insurance coverage for any damage claim, Nationwide notes that 1400 Hampton Blvd., LLC no longer exists, having been voluntarily cancelled by its members through a certificate of cancellation on August 25, 2005. For recovery for its claims, the Association will greatly desire coverage under the Insurance Policy.

In a case involving very similar facts to the instant case, the Court in *Marsh v. Cincinnati Insurance Company*, 2008 WL 46114289 (D.S.C.) (D. S. Car. 2008), the Court applied the principal purpose test to a motion to realign the parties upon removal. The Court was asked by the parties objecting to the realignment that it "not ignore the very real and continuing adversarial dispute" between two of the parties, as they were the

plaintiff and defendant in the underlying state court lawsuit.  Noting that the principal purpose test requires the Court to determine the parties' positions with respect to the primary issue in the declaratory judgment case, and not the underlying dispute, the Court realigned them, notwithstanding that the parties were adversaries in the underlying lawsuit.  *Marsh* at P. 2.

Similarly in *Gressette v. Sunset Grille, Inc.*, 447 F. Supp. 2d 533 (D. S. Car. 2006), the Court considered a realignment upon removal, and applied the principal purpose test.  Noting that both the Plaintiff and a Defendant in the state court action being removed had the same interest concerning a declaratory judgment that a certain individual was not a shareholder, the Court realigned the Defendant as a Plaintiff, and found that therefore "diversity jurisdiction does, in fact, exist".  *Gressette* at 537.

As the Court noted in *Ohio Casualty Insurance Company v. RLI Insurance Company*, 2005 WL2574150 (M.D.N.C.), although realignment will often have the effect of defeating jurisdiction, "the rule works both ways", and jurisdiction will be sustained if diversity exists when the parties are aligned properly, even though it is lacking on the face of the pleadings, citing 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3607.  Further, if a defendant is realigned, that defendant need not consent to removal.  *Liebau v. Columbia Cas. Co.*, 176 F. Supp.2d 236 (D. Kan. 2001); *Premier Holidays Int'l, Inc., v. Actrade Capital, Inc.,* 105 F. Supp2d 1336 (N.D.Ga. 2000).

### B. The Notice of Removal is Not Defective in that the Propriety of the Removal is Determined After Realignment of the Parties.

The additional arguments of 1400 HAMPTON BOULEVARD CONDOMINIUM ASSOCIATION are not well taken given the clear guidance of the principal purpose test followed by the Fourth Circuit. The defendants **prior to realignment** do not agree to the removal, but following realignment, the Defendant Nationwide clearly is the only Defendant, and it seeks the removal. Similarly, after realignment, the only defendant is Nationwide, and it is not a citizen of the Commonwealth of Virginia.

### CONCLUSION

District Courts regularly realign parties to diversity actions upon removal in accordance with the "principal purpose" test, sometimes destroying and sometimes conferring diversity jurisdiction. In this case diversity jurisdiction and removal (in that the Association, realigned as a Plaintiff, need not consent to removal) are conferred by the proper realignment of the parties. Accordingly, this Court should deny the Motion to Remand and move forward in its usual manner with a prompt and efficient determination of the rights and obligations of the parties.

Wherefore, Nationwide Mutual Insurance Company, by counsel, respectfully requests that this Court realign the parties in accordance with this Motion, and that it have such other and further relief as may be appropriate.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Randolph C. DuVall, Esq.
Breeden, Salb, Beasley & DuVall, P.L.C.
555 East Main Street
Suite 1210
Norfolk, VA  23510
Counsel for Plaintiffs

John S. Norris, Jr., Esquire
Robert M. Lorey, Esquire
Norris, St. Clair & Lotkin
2840 S. Lynnhaven Road
Virginia Beach, Virginia 23452
757-498-7700
757-498-7744 (fax)
jnorris@norrisstclair.com
rlorey@norrisstclair.com
*Counsel for 1400 Hampton Blvd. Condo. Assn., Inc.*

/s/ James G. Smalley
James G. Smalley, Esquire
Va. Bar No. 20292
CYRON & MILLER
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
jsmalley@cyronmiller.com
Counsel for Defendant Nationwide Mutual Insurance Company